**Javier Antonio FLORES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76023.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.[*]

Filed Dec. 8, 2006.

Robert G. Berke, Esq., Berke Law Offices, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA,

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Papu Sandhu, Esq., ANH–Thu P. Mai, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Javier Antonio Flores, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion the Immigration Judge's ("IJ") order denying his application for NACARA special rule cancellation of removal. We dismiss the petition for review.

We are barred from reviewing the IJ's determination that Flores was statutorily ineligible for relief. *See* 8 U.S.C. § 1252(a)(2)(C) (court does not have jurisdiction to review any final order of removal against an alien who is removable by reason of a statutorily enumerated criminal offense).

We lack jurisdiction to consider the BIA's subsequent denial of Flores' motion to reopen because he failed to petition this court for review of that decision. *See Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (holding that Congress "envisioned two separate petitions filed to review two separate final orders").

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.